# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| EDWIN GEIERSBACH, ) | |
| ) | |
| Plaintiff, ) | Case No. 10-00025-CV-W-DGK |
| ) | |
| v. ) | |
| ) | |
| COMMISSIONER OF THE INTERNAL ) | |
| REVENUE SERVICE, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Pending before the Court is Defendant's Motion to Dismiss Plaintiff Edwin Geiersbach's Petition for a Writ of Mandamus. Doc. 6. The Court has reviewed this Motion in conjunction with Defendant's Suggestions in Support, Plaintiff's Objections, Defendant's Reply Suggestions, Plaintiff's Response to Reply, and Defendant's Sur-Response. Docs. 7-10, 11. For the reasons discussed herein, Defendant's Motion is GRANTED.

**Discussion**

On January 11, 2010, Plaintiff filed this pro se action pursuant to 28 U.S.C. § 1361 requesting mandamus relief against Defendant. Plaintiff cites 26 U.S.C. § 6203 for the proposition that Defendant is required to provide him with a copy of his tax assessments for the years 1995-2008, and has failed to do so. This statute reads in relevant part "Upon request of the taxpayer, the Secretary shall furnish the taxpayer a copy of the record of the assessment." 26 U.S.C. § 6203. The mandamus statute states that "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. The Supreme Court has stated that this statutory form of mandamus is "an extraordinary

remedy…[which] will issue only to compel to performance of 'a clear nondiscretionary duty.'" *Pittston Coal Group v. Sebben,* 488 U.S. 105, 121 (1988) (quoting *Heckler v. Ringer,* 466 U.S. 602, 616 (1984). *See also Castillo v. Ridge,* 445 F.3d 1057, 1060-61 (8th Cir. 2006) ("A district court may grant a writ of mandamus only in extraordinary situations and only if: (1) the petitioner can establish a clear and indisputable right to the relief sought, (2) the defendant has a nondiscretionary duty to honor that right, and (3) the petitioner has no other adequate remedy."). Defendant argues that Plaintiff is not entitled to mandamus relief for two reasons. First, Defendant claims that Plaintiff fails the first requirement because it provided him with Form 4340, a Certificate of Assessment, and Form 2866, a Certification of Official Record, for the years requested on March 1, 2010. Defendant's argument is that Plaintiff has currently has no right to relief because his request has been satisfied.[1] Second, Defendant claims that Plaintiff fails the third requirement because the Freedom of Information Act (FOIA) provides a right of action when a federal agency has "improperly withheld" information. 5 U.S.C. § 552(a)(4)(B).[2] Defendant's argument is that this prevents Plaintiff from showing that he has no other adequate remedy.

Plaintiff's arcane responses seem to argue that he was not provided with the correct forms. Docs. 8, 10. However, Plaintiff fails to respond to Defendant's point that he has an alternative remedy to the extraordinary writ of mandamus. The FOIA cause of action cited by Defendant is a relatively commonly used tool to obtain records from the federal government. Upon review of the Court's electronic case filing system, it appears that a number of these

---

[1] If accurate, it seems that this would also moot the case, thus depriving the Court of subject matter jurisdiction. *Minn. Humane Society v. Clark,* 184 F.3d 795, 797 (8th Cir. 1999).
[2] "On complaint, the district court of the United States in the district in which the complainant resides, or has his principal place of business, or in which the agency records are situated, or in the District of Columbia, has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B).

actions have been filed in the Western District of Missouri within the last few years. Since Plaintiff has an adequate remedy other than mandamus, the Court does not reach the question of whether the documents provided by the IRS satisfied Plaintiff's requests or the requirements of section 6203. For these reasons, Defendant's Motion to Dismiss is hereby GRANTED and Plaintiff's Petition is hereby DENIED.

**IT IS SO ORDERED**

Dated: June 8, 2010                                       /s/ Greg Kays
                                                          GREG KAYS
                                                          UNITED STATES DISTRICT JUDGE